IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| AMY MARIE SCHWERER, | ) | CASE NO. 3:18 CV 1745 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Amy Marie Schwerer under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits.[2] Because substantial evidence supports the ALJ's no disability finding, the ALJ's decision is affirmed.

## Issue Presented

This case presents a single issue for decision:

- Schwerer's treating source, Dr. Bo Yoo, a brain surgeon, gave two opinions as to Schwerer's limitations. The first opinion, rendered one year and one month after surgery, cleared Schwerer to look for any jobs.[3] The second, given a year later, identified limitations regarding time off task and absenteeism.[4] Dr. Yoo's

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10, Transcript ("Tr.") at 375-76.
[4] *Id.* at 414-15.

treatment notes as of that time show improvement and stability but subjective complaints of left side numbness.[5] The ALJ gave Dr. Yoo's earlier opinion some weight but the later opinion little weight.[6] Does substantial evidence support the weight assigned to Dr. Yoo's opinions?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[5] *Id.* at 378-79.
[6] *Id.* at 22.
[7] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[8] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[9]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

This is a single issue case, but the analysis is clouded by the lack of Dr. Yoo's consistent relationship with Schwerer during the critical time period. Dr. Yoo performed Schwerer's brain surgery.[10] His first opinion, issued September 25, 2014 – one year and one month post-surgery – reflected a satisfactory recovery and a favorable prognosis.[11] He did not see her again for another year.[12] Dr. Yoo issued his second opinion on October 7, 2015,[13] following a brain MRI and a follow up office visit.[14] In this opinion, Dr. Yoo maintained that Schwerer would be off task more than 20% of an eight-hour work day and absent more than four times per month.[15] He also opined that Schwerer would need to lie down two hours or more over the course of an eight-hour work day.[16] Perhaps most

---

[8] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[10] Tr. at 356-59.
[11] *Id.* at 375-76.
[12] *Id.* at 378-79.
[13] *Id.* at 414-15.
[14] *Id.* at 377-79.
[15] *Id.* at 415.
[16] *Id.*

significantly, Dr. Yoo opined Schwerer could only use her hands less than 10% of the work day.[17]

Dr. Yoo's examination notes from the October 2015 follow up visit reflect that numbness and weakness on the left side had been present since surgery.[18] The notes also reflect his support for Schwerer's Social Security disability application.[19] The October 2015 MRI – on which the ALJ briefly commented[20] – does not appear to reflect any substantial disintegration from an MRI performed the previous year.[21] Dr. Yoo's records lack any additional explanation supporting his October 2015 opinion.

Schwerer maintains the record as a whole fills in the gaps and otherwise supports Dr. Yoo's opinion.[22] But the ALJ discussed these additional medical records,[23] and Schwerer fails to identify any contrary line of evidence the ALJ overlooked or ignored in the decision.[24]

The ALJ articulated good reasons for the weight assigned to Dr. Yoo's opinions. As to the September 2014 opinion, the ALJ found that although the opinion "is conclusive in nature and is a determination reserved for the Commissioner, it is accorded some weight to the extent it is consistent with the finding herein that the claimant's impairments do not

---

[17] *Id.*
[18] *Id.* at 378.
[19] *Id.* at 379.
[20] *Id.* at 21.
[21] *Id.* at 374, 377.
[22] ECF No. 14 at 18-23.
[23] Tr. at 19-22.
[24] ECF No. 14 at 18-23.

result in work-preclusive limitations."[25] As to the October 2015 opinion, the ALJ assigned "great weight" to the "portion of the opinion regarding sitting, standing, and walking because it is consistent with the medical evidence."[26] The ALJ assigned "[l]ittle weight" to the remainder of Dr. Yoo's opinion "because he had not seen the claimant for more than a year prior to issuing the opinion and it is inconsistent with his other opinions of record that the claimant was cleared to look for work and was capable of doing her daily activities."[27] Overall, Dr. Yoo's October 2015 opinion received partial weight.[28]

The state agency reviewing physicians on initial review and on reconsideration had the benefit of Dr. Yoo's opinions.[29] And yet they found Schwerer capable of performing less than the full range of light work, opining in pertinent part that Schwerer could frequently push and pull with her left upper extremity and frequently perform fine and gross manipulation on the left.[30] The ALJ assigned partial weight to their opinions.[31] The ALJ assigned little weight to the portion of the opinions limiting fine and gross manipulation because they were "inconsistent with the medical evidence, which generally shows intact gross manipulation, fine manipulation, and grip strength."[32] The ALJ assigned great weight to the remainder of their opinions.[33]

---

[25] Tr. at 22.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.* at 70, 86, 105, 121.
[30] *Id.* at 75-79, 91-95, 110-13, 126-29.
[31] *Id.* at 22.
[32] *Id.* (internal citation omitted).
[33] *Id.*

At bottom, Schwerer's challenge to the ALJ's decision amounts to a request for the Court to reweigh the evidence, which it may not do. Substantial evidence supports the ALJ's no disability finding, and as it is within the ALJ's zone of choice, must be affirmed.

## Conclusion

Substantial evidence supports the ALJ's no disability finding. The ALJ's decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: July 30, 2019 s/ William H. Baughman, Jr.
United States Magistrate Judge